```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

VIRGIN ISLANDS UNITY DAY GROUP,  )
INC.                             )
                                 )
              Plaintiff,         )
                                 )    Civil No. 2015-09
         v.                      )
                                 )
GOVERNMENT OF THE VIRGIN         )
ISLANDS, IRA MILLS               )
                                 )
              Defendants.        )
                                 )
```

ATTORNEYS:

**Ryan W. Greene**
St. Thomas, VI
   *For Virgin Islands Unity Day Group, Inc.,*

**Claude Walker, AAG**
**Carol Thomas-Jacobs**
Virgin Islands Department of Justice
St. Thomas, VI
   *For the defendants,*

## MEMORANDUM OPINION

Before the Court is the motion of the Government of the Virgin Islands and Ira Mills to dismiss the Complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted.

## FACTUAL AND PROCEDURAL HISTORY

The Virgin Islands Unity Day Group, Inc. (the "VIUDG") "is an association of individual taxpayers in the Virgin Islands." *Compl.* at 2. Many of VIUDG's members are property owners on St.

John. The government has sent the members of VIUDG their 2013 property tax bills. VIUDG alleges that the government did not provide the plaintiffs with the Notice of Change in Value for various pieces of property as required under the law of the Virgin Islands. VIUDG further generally alleges that the Virgin Islands assessed property values in violation of the United States Constitution and not based on the actual value of various properties.

On February 12, 2015, the VIUDG brought the instant Complaint. Specifically, the Complaint contains two Counts. Count I of the Complaint alleges a violation of the plaintiffs' due process rights as made applicable by the Revised Organic Act. Count II of the Complaint is for preliminary and permanent injunctive relief.

The government now moves to dismiss for a lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. In particular, the government argues that the VIUDG does not have standing to bring these claims and that the claims are not cognizable under § 1983.

## DISCUSSION

**A. Subject-Matter Jurisdiction**

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. A Rule

12(b)(1) motion may be treated either as a facial or a factual challenge to the court's subject-matter jurisdiction. *Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000). A factual challenge may occur only after the allegations of the complaint have been controverted. *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 892 n. 17 (3d Cir. 1977). In considering a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), all material allegations in the complaint are taken as true. *Id.* at 891-92; *see also Taliaferro v. Darby Township. Zoning Bd.,* 458 F.3d 181, 188 (3d Cir. 2006) (summarizing the standard for facial attacks under Rule 12(b)(1) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court").

**B. Failure to State a Claim**

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker,* 363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007). The Supreme Court in *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, ... 'stops short of the line between possibility and plausibility of "entitlement of relief."'" *Id.* (citing *Twombly,* 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir.2010) (quoting *Iqbal,* 556 U.S. at 674, 679)(internal quotations omitted).

## ANALYSIS

The government argues that VIUDG does not have standing to bring its claim. In particular, the government argues that "[a]bsent identification of the members and allegations of an injury in fact suffered by one or more of its members, Plaintiff does not have standing to proceed in the District Court." *Mot. to Dismiss* at 8.

To have standing to bring a lawsuit under Article III of the United States Constitution, a plaintiff must allege an injury that is fairly traceable to the defendant's conduct and which can be redressed through judicial action. *See Lujan v.*

*Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992).  In order for an association to have standing to bring a suit on behalf of its members, it must be able to demonstrate that:

> (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Hunt v. Washington State Apple Adver. Comm'n,* 432 U.S. 333, 343 (1977).

To determine whether the VIUDG's members have standing to sue, the Court must assess whether "its members, *or any one of them,* are suffering immediate or threatened injury as a result of the challenged action of the sort that would make out a justiciable claim had the members themselves brought suit...." *Id.* at 342 (quoting *Warth v. Seldin,* 422 U.S. 490, 511 (1975))(emphasis added).  When an organization asserts a claim on behalf of its members, the organization "must present 'at least one identified member' who has suffered a specified harm" in the complaint. *See Nationwide Ins. Indep. Contractors Assoc., Inc. v. Nationwide Mut. Ins.*, 518 F. App'x 58, 63 (3d Cir. 2013)(quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 498 (2009).

Where, as here, an organization has failed to "present at least one identified member who has suffered a specified harm"

*VIUDG v. Virgin Islands*
Civ. No. 15-09
Page 7

in its complaint, *see id.*, the organization has failed to properly establish that it has standing. *See id.*

### **CONCLUSION**

As the Complaint currently stands, the Complaint is deficient and this Court is without jurisdiction. Where a complaint is subject to dismissal, district courts are instructed to provide the plaintiff with leave to amend even if the plaintiff has not requested such leave. *See Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). The only exception to this general rule is where the district court finds that amendment would be inequitable or futile. *See id.*

Accordingly, the Court will dismiss the Complaint. The Court will also grant VIUDG leave to amend its Complaint.

An appropriate Judgment follows.